WATTS, J.,
dissenting, in which GREENE, J., joins.
Respectfully, I dissent.[1] I would hold that a record of discipline based on a sustained complaint against a law enforcement officer is not exempt from the Public Information Act under its “personnel records” exemption.
In enacting the Public Information Act, the General Assembly declared: “All persons are entitled to have access to information about the affairs of government and the official acts of public officials and employees.” Md.Code Ann., Gen. Prov. (2014) (“GP”) § 4-103(a).[2] See also Md. Dep’t of State Police v. Md. State Conference of NAACP Branches, 430 Md. 179, 190, 59 A.3d 1037, 1043 (2013) (“[T]he Public Information Act reflect[s] the [General Assembly’s] intent that citizens of the State of Maryland be accorded wide-ranging access to public information concerning the operation of their government.” (Quoting Kirwan v. The Diamondback, 352 Md. 74, *465 81, 721 A.2d 196, 199 (1998) (internal quotation marks omitted))).
Accordingly, the General Assembly expressly directed courts to interpret the Public Information Act “in favor of allowing inspection of a public record” “unless an unwarranted invasion of the privacy of a person in interest would result[.]” GP § 4-103(b). See also NAACP Branches, 430 Md. at 190, 59 A.3d at 1043 (Courts must “liberally construe[]” the Public Information Act “to effectuate [it]s broad remedial purpose[.]” (Quoting Kirwan, 352 Md. at 81, 721 A.2d at 199)); NAACP Branches, 430 Md. at 190, 59 A.3d at 1043 (The Public Information Act establishes “a general presumption in favor of disclosure of government or public documents.” (Quoting Office of Governor v. Washington Post Co., 360 Md. 520, 544, 759 A.2d 249, 262 (2000) (internal quotation marks omitted))); Washington Post, 360 Md. at 545, 759 A.2d at 263 (“[C]ourts must interpret the [Public Information Act’s] exemptions narrowly!.]” (Citation and internal quotation marks omitted)).
In this instance, I fear that the Majority has not heeded the mandate of both the General Assembly and this Court’s precedent to broadly construe the Public Information Act in favor of disclosure by narrowly construing the Public Information Act’s exemptions. As a result, a law enforcement agency will be permitted to conceal from public view the action that it ultimately took in response to a sustained complaint about a law enforcement officer. This is particularly unfortunate in light of the circumstance that, today, honoring the public’s right to know how law enforcement agencies respond to misconduct — especially misconduct that arises out of contact with the public — is vital to maintaining the public’s trust in law enforcement. In other words, to paraphrase Justice Louis D. Brandéis, transparency is the best remedy.[3]
*466 The Public Information Act’s “personnel records” exemption states: “[A] custodian shall deny inspection of a personnel record of an individual, including an application, a performance rating, or scholastic achievement information.” GP § 4-811(a). A personnel record is a “document!] that directly pertain[s] to employment and an employee’s ability to perform a job”; thus, a document is not a personnel record where the document does not “relate to [the employee’s] hiring, discipline, promotion, dismissal, or any matter involving [the employee’s] status as an employee[.]” Washington Post, 360 Md. at 547, 759 A.2d at 264 (quoting Kirwan, 352 Md. at 83, 721 A.2d at 200) (third alteration in original) (internal quotation marks omitted). For example, the following documents are not personnel records: records of parking tickets, see Kirwan, 352 Md. at 84, 721 A.2d at 200-01; records of telephone calls to potential judicial or executive appointees, see Washington Post, 360 Md. at 548, 759 A.2d at 264; and employment contracts, see Univ. Sys. of Md. v. Balt. Sun Co., 381 Md. 79, 102, 847 A.2d 427, 441 (2004).
In Montgomery Cnty. Md. v. Shropshire, 420 Md. 362, 381, 23 A.3d 205, 216 (2011), this Court held that certain “internal affairs records” were personnel records because they “related to employee discipline” and because the “investigation clear[ed] the officers of wrongdoing”; thus, “there [wa]s a significant public interest in maintaining confidentiality, both in fairness to the investigated officers and cooperating witnesses.” (Emphasis added) (citations omitted). See also id. at 381, 23 A.3d at 216-17 (“[E]ven the best officers could be subject to false or baseless complaints[.]” (Emphasis added) (internal quotation marks omitted)). Indeed, in Shropshire, id. at 382-83, 23 A.3d at 217, this Court distinguished Md. Dep’t of State Police v. Md. State Conference of NAACP Branches, 190 Md.App. 359, 988 A.2d 1075 (2010), aff'd, 430 Md. 179, 59 A.3d 1037 (2013), on the ground that, in Shropshire, the internal affairs records “specifically reference^] the acts taken by [law enforcement officers] during the investigation of a discrete motor vehicle accident and the unsustained allegations against them, rather than statistics compiled re *467 garding the acts of a group of officers without identification of their personal information.” (Emphasis added). Accordingly, this Court expressly declined to “address whether records of ‘sustained’ complaints may be disclosed[.]” Shropshire, 420 Md. at 374 n. 12, 23 A.3d at 212 n. 12 (emphasis added).
I would resolve the issue that this Court expressly left open in Shropshire, id. at 374 n. 12, 23 A.3d at 212 n. 12, by holding that the Public Information Act’s “personnel records” exemption does not apply to a record of discipline based on a sustained complaint against a law enforcement officer. This result is far different from the circumstance of permitting unsubstantiated allegations of a complaint to be made public. In sustaining a complaint against one of its officers, a law enforcement agency acknowledges the truth of the very facts that “directly pertain to employment and [the officer's ability to perform [his or her] job.” Washington Post, 360 Md. at 547, 759 A.2d at 264 (quoting Kirwan, 352 Md. at 83, 721 A.2d at 200). In contrast to such facts, the discipline that the law enforcement agency decides to administer to the officer does not directly pertain to employment or the officer’s ability to perform his or her job. Plainly put, the officer did what the officer did, regardless of how the law enforcement agency decided to respond. The administration of the discipline is an action of — and thus reflects the judgment of — the law enforcement agency, not the officer. Thus, a record of discipline based on a sustained complaint against a law enforcement officer is not a personnel record; instead, it is among the very types of document that the Public Information Act is designed to make available to the public: a document that reflects how a public agency responds to an employee’s proven misconduct.[4]
*468 In addition to being the result that the law mandates, acknowledging the public’s right to know how law enforcement agencies respond to sustained allegations of misconduct is critical to preserving the public’s confidence in law enforcement.
For the above reasons, respectfully, I dissent.
Judge GREENE has authorized me to state that he joins in this opinion.

. I agree with the Majority that: (1) this Court should exercise its discretion to review this case's merits and remand for the entry of an appropriate declaratory judgment, see Maj. Op. at 450, 117 A.3d at 9; (2) Md.Code Ann., Pub. Safety (2003, 2011 Repl.Vol.) § 3-104(n)(l)(ii)l, which is part of the Law Enforcement Officers' Bill of Rights, does not exempt from the Public Information Act a record of discipline based on a sustained complaint against a law enforcement officer, see Maj. Op. at 450 n. 13, 117 A.3d at 9 n. 13; (3) an in camera review of the relevant records is unnecessary in this case, see Maj. Op. at 460, 117 A.3d at 15-16; and (4) Teleta S. Dashiell, Respondent, is not a "person in interest” as defined by Md.Code Ann., Gen. Prov. (2014) § 4-101(e), see Maj. Op. at 463, 117 A.3d at 17.

. Before 2014, the Public Information Act was codified as Md.Code Ann., State Gov't (1984, 2009 Repl.Vol.) § 10-611 to -630. In 2014, the General Assembly recodified the Public Information Act as GP § 4-101 to -601. For clarity, I refer to the Public Information Act’s current version, which, for this case’s purposes, is substantively identical to its predecessor.

. "Sunlight is said to be the best of disinfectants!.]” Buckley v. Valeo, 424 U.S. 1, 67, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976) (quoting Louis D. Brandéis, Other People's Money and How the Bankers Use It 62 (National Home Library Foundation ed.1933)).

. Making public a record of discipline based on a sustained complaint against a law enforcement officer would not “chill” the law enforcement disciplinary process. Maj. Op. at 459, 117 A.3d at 15. By the time that a complaint against a law enforcement officer has been sustained, an investigation has already concluded, and all that remains *468 is for the law enforcement agency to choose what discipline to administer.
Additionally, in Daily Gazette Co. v. City of Schenectady, 93 N.Y.2d 145, 688 N.Y.S.2d 472, 710 N.E.2d 1072, 1078 (1999), see Maj. Op. at 459, 117 A.3d at 15, the Court of Appeals of New York concluded that records of discipline based on law enforcement officers' confirmed misconduct were exempt from New York’s Freedom of Information Law under its "personnel records” exemption, but the fact that the misconduct was confirmed was not the basis of that Court's holding. In Daily Gazette, instead of addressing the critical circumstance that the law enforcement officers’ misconduct had been confirmed, the Court of Appeals of New York focused on rejecting a newspaper's contention that "the identity, statusf] and purpose of the [party] requesting access” was relevant, 688 N.Y.S.2d 472, 710 N.E.2d at 1076; for example, the newspaper had contended that the record was not exempt because the newspaper did not intend to "use the records in a legal proceeding,” id., 688 N.Y.S.2d 472, 710 N.E.2d at 1074. In other words, the Court of Appeals of New York failed to address the vital distinction between confirmed misconduct and unsubstantiated allegations of misconduct. By contrast, this Court has already explicitly recognized that distinction. See Shropshire, 420 Md. at 374 n. 12, 23 A.3d at 212 n. 12 (This Court expressly declined to "address whether records of 'sustained' complaints may be disclosed[.]”).